UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| AFFCO New Zealand, Ltd., a Foreign corporation | CIVIL ACTION NO.: 12-cv-21325-FAM |
| Plaintiff, | Judge Moreno |
| vs. | |
| American Fine Foods Corp., a US corporation | |
| Defendant. | |

## AMENDED COMPLAINT

Plaintiff, AFFCO New Zealand, Ltd., a Foreign corporation ("AFFCO"), brings this Amended Complaint against Defendant, American Fine Foods Corp., a Florida corporation ("American") and alleges:

### The Parties

1. Plaintiff AFFCO is a corporation organized under the laws of New Zealand, with its principal place of business formerly at State Highway 1, Horotiu, Waikato, New Zealand, and now at Great South Road, Horotiu, Hamilton, New Zealand.

2. Defendant American is a New York Corporation with its principal place of business at 2335 NW 107th Avenue, Suite 128, Doral Florida 33172. The parties have previously stipulated that the New York Corporation is the real party in interest who executed the Undertaking which forms the basis for the allegations contained herein.

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. §1332(a) as this action is between citizens of different states and the effect on AFFCO of the breach of contract alleged herein

1

exceeds $75,000.00, exclusive of interest and costs. This Court also has jurisdiction pursuant to 15 U.S.C. § 1119, 1121, 1125(a) and 28 U.S.C. § 1331, 1338 and 1367 as an action arising under the Trademark Laws of the United States.

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 and by virtue of agreement of the parties, as set forth in paragraph 16 of the agreement referenced below.

## Complaint

## Facts Common to All Counts

5. AFFCO has been exporting meat and meat products from New Zealand to British ports since the early part of the twentieth century. AFFCO shipped primarily lamb, mutton and beef for many years, to many markets. AFFCO was represented at a Major Food Fair in Saudi Arabia in February, 1983 and has been selling lamb, mutton and beef in Saudi Arabia since the early 1980s. AFFCO is a leading international producer of meat products ho has been selling outside of New Zealand for many years, including sales of in the Middle East since 1947.

6. American started selling food products under its mark AFFCO in 1988 which products include a variety of products manufactured in the USA and shipped overseas and also products manufactured overseas and marketed overseas such as canned fish chicken and canned chicken which latter two products are marketed by American in at least Saudi Arabia and Jordan.

7. Sales of chicken Vienna sausage by American under the trademark AFFCO in the United States occurred during and prior to the year 2000.

8. American's US Service Mark Application Serial No. 76-463007 was published and opposed by AFFCO based on Registration No. 2,474,722 for AFFCO and Design.

9. Opposition No. 91-165988 was instituted by AFFCO against American's 76-463007 Application.

10. Opposition No. 91-165988 was settled between AFFCO and American through the Undertaking of 10 January, 2006. (Plaintiff's Exhibit 1)

11. The Undertaking, Exhibit 1 hereto, itself includes its own Exhibit H which is expressly referenced in Paragraph E (13) of the Undertaking, which Paragraph E (13) states: "For purposes of this Undertaking, American acknowledges and agrees that AFFCO currently owns a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products, in the territories listed in Exhibit H hereto and made a part of this Undertaking."

12. The Undertaking, Exhibit 1 hereto, itself includes its own Exhibit H which is entitled "TERRITORIES IN WHICH AFFCO NEW ZEALAND LIMITED OWNS THE MARK AFFCO" and lists:

   a. North America

   b. Europe

   c. Russia

   d. Northern Asia

   e. Southeast Asia

   f. New Zealand

   g. South Pacific Islands

   h. United Arab Emirates

   i. Jordan

   j. Saudi Arabia

13. Nowhere in the Undertaking is there any representation than any trademark is registered in any jurisdiction, other than AFFCO's US Registration No. 2,474,722. Regions, such as those in which American conceded AFFCO's right to trademarks, such as North

America, Northern Asia, Southeast Asia and South Pacific Islands do not have jurisdiction to issue trademark registrations.

14. Pursuant to the Undertaking American submitted an amendment to its U.S. application Serial No. 76-463007 so the description of services read:

"Retail stores featuring cereals, mayonnaise, salad dressings; sauces, namely, hot sauce, BBQ sauce, steak sauce, Worcestershire sauce; spices/salt, mustard, vinegar, food coloring, vegetable shortening, canned vegetables, beans, peanut butter, pickles, canned juices, fruit pie fillings, honey, bread crumbs, potato flakes, expressly excluding meat, fowl or fish and products containing meat, fowl or fish; paper products, namely, cups, plates, foam cups, plastic cups; lighter fluid; and export agencies featuring cereals, mayonnaise, salad dressings; sauces, namely, hot sauce, BBQ sauce, steak sauce, Worcestershire sauce; spices/salt, mustard, vinegar, food coloring, vegetable shortening, canned vegetables, beans, peanut butter, pickles, canned juices, fruit pie fillings, honey, bread crumbs, potato flakes, expressly excluding meat, fowl or fish and products containing meat, fowl or fish; paper products, namely, cups, plates, foam cups, plastic cups; lighter fluid."

15. AFFCO, pursuant to the Undertaking withdrew opposition No. 91-165988 (Plaintiff's Exhibit 2) and Registration No. 3,097,027 (Plaintiff's Exhibit 3) issued to American.

16. American submitted specimens in connection with the 76-463007 application that show goods sold in retail stores that are not in the US.

17. American never operated retail stores in the United States.

18. The Undertaking set forth a number of terms relating to the content of the application, likely confusion from a consent-to-register point of view, and appropriate dismissal of the Opposition. Other provisions include:

a. Paragraph C of the Undertaking states, "American further acknowledges it has used the trademark AFFCO on and in connection with a meat product, namely, corned beef, and is currently using the mark AFFCO on and in connection with chicken Vienna sausage";

b. Paragraph E (3) (iv) set forth an obligation to "file an amendment with the trademark office of each foreign country or countries, in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products and American owns an application or registration for the mark AFFCO or any mark containing the mark AFFCO or the abbreviation AFF, to delete or expressly exclude all meat, fowl or fish and products containing meat, fowl or fish";

c. Paragraph E (4) provided that American must discontinue use of its mark "for meat, fowl or fish or products containing meat, fowl or fish" in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with. a logo) for meat or meat products";

d. Paragraph E (5) provided that American is prohibited from distribution and is required to destroy nonconforming packaging, advertising and the like in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products";

e. Paragraph E (6) provided that American is prohibited from certain use and registration by the obligation to: "never in the future use or register the mark AFFCO or any mark containing the term AFFCO" in the US "and each

      foreign country or countries in which AFFCO currently has a valid mark AFFCO";

  f. Paragraph E (7) provided that American is prohibited from using similar marks, in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO";

  g. Paragraph E (9) provided that the use and registration restrictions prohibit use or registration in any language in the US "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO";

  h. Paragraph 14 provides a complete release and/or covenant not to sue AFFCO given by American: "14. Notwithstanding any other provision of this Undertaking, American undertakes and agrees not to challenge or hinder AFFCO's use, continuing use; or registration of the mark AFFCO (either by itself or in conjunction with a logo) in the Middle East in relation to meat, fowl or fish, or products containing meat, fowl or fish".

19.   AFFCO sold meat in all the territories of the Undertaking prior to the Undertaking. AFFCO believed American was aware of sales by AFFCO in at least those territories in which both did business and, AFFCO believed that as part of the negotiation and compromise was recognizing or conceding superior rights in those territories, and American was aware of that AFFCO was making those sales in those territories, at least as early as the time of the Undertaking.

20.   American owns Saudi Arabian Trademark Registration No. 671-12 for AFFCO which includes the following goods in International Class 29: Meat, fish, poultry and game; meat extracts; preserved, dried and cooked fruits and vegetables; jellies, jams, fruit sauces; eggs, milk and milk products; edible oils and fats; margarine; butter, shortening; peeled and canned tomato.

21. In a letter dated July 29, 2009, AFFCO put American on notice of its contention that American was in breach of the Undertaking for, inter alia, failure to file an amendment with the Saudi Arabian trademark office to delete or expressly exclude all meat, fowl, fish and products containing meat, fowl or fish in a letter from counsel for AFFCO, addressed to counsel for American.

22. AFFCO had its own trademark application in Saudi Arabia rejected based upon a citation to the registration owned by American. Despite arguing around the reference and submission of the Undertaking for consideration there, the AFFCO application still stands as rejected.

23. American has not cancelled "Meat, fish, poultry and game; meat extracts" from its Saudi Arabian registration.

24. American's distributor in Saudi Arabia sells canned meats under the Saudi Arabian trademark registration AFFCO owned by American.

## COUNT ONE

### (Breach of Contract)

25. AFFCO repeats and realleges paragraphs 1 – 24 as if fully set forth herein.

26. The Undertaking between American and AFFCO is a binding contract, entered into by competent parties, both being advised by counsel regarding the transaction and is in writing.

27. AFFCO performed all its obligations under the aforementioned contract.

28. American partly performed pursuant to the aforementioned contract.

29. American did not perform its obligations under all the provisions of the aforementioned contract that set forth obligations of American.

30. AFFCO made repeated requests that American perform pursuant to the contract.

7

31. American has breached the aforementioned contract and AFFCO has suffered damage as a result.

## COUNT TWO

### (Specific Performance)

32. AFFCO repeats and realleges paragraphs 1 – 31 as if fully set forth herein.

33. American has the capacity and authority to perform pursuant to the provisions of the aforementioned contract.

34. AFFCO requested that American fully perform pursuant to the provisions of the aforementioned contract and American has expressly or constructively refused.

35. Money damages alone will not adequately compensate AFFCO for it's injuries from American's failure to fully perform its obligations.

## COUNT THREE

### (Declaration of No Right of Action in Saudi Arabia)

36. AFFCO repeats and realleges paragraphs 1 – 35 as if fully set forth herein.

37. During the course of action between the parties American has provided indications of a threat of enforcement of its Saudi Arabian registration against AFFCO, despite AFFCO's prior use in Saudi Arabia and Paragraph 14 of the Undertaking.

38. Under Paragraph 14 of the Undertaking, American has granted AFFCO a complete release from any liability for continuing use of AFFCO's trademark AFFCO anywhere in the Middle East.

39. The Undertaking between American and AFFCO is a binding contract, entered into by competent parties, both being advised by counsel regarding the transaction and is in writing.

40. AFFCO performed all its obligations under the aforementioned contract.

8

41. American partly performed pursuant to the aforementioned contract.

42. AFFCO is entitled to a Declaration that American is forever barred from challenging or hindering AFFCO's use, continuing use, or registration of the mark AFFCO (either by itself or in conjunction with a logo) in the Middle East in relation to meat, fowl or fish, or products containing meat, fowl or fish.

## COUNT FOUR

### (Cancellation of Federal Registration)

43. AFFCO repeats and realleges paragraphs 1 – 42 as if fully set forth herein.

44. American's Registration No. 3097027 was granted as a result of the dismissal of AFFCO's opposition to the grant of that registration.

45. A condition precedent to that dismissal was the existence of binding obligations on the parties that included obligations on American to perform its obligations.

46. If the condition precedent fails, whether for voidness, unenforceability or as a result of breach, the registration should be cancelled.

47. This Court has the express power to order cancellation pursuant to 15 U.S.C. § 1119 and the inherent power under its powers of equity.

48. In the alternative, if the Undertaking is breached, or is void or unenforceable, this court pursuant to 15 U.S.C. § 1119 and the inherent power under its powers of equity, has the power to try the issue of American's entitlement to a Federal Trademark registration *de novo*.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff AFFCO New Zealand, Ltd. prays for judgment as follows:

1. AFFCO has a distinctive trademark, continuously used in the US and the enumerated "Territories" and has a valid and subsisting US trademark registration.

2. AFFCO and American entered into a binding Undertaking in settlement of a trademark Opposition, including Exhibits A – H attached thereto. (collectively Exhibit 1).

3. AFFCO has fully performed its obligations under the Undertaking.

4. American has partially performed certain obligations under the Undertaking, but has not performed other obligations.

5. American, its directors, officers, agents, servants, representatives, employees, successors and assigns and all others acting active concert or participation with it, be jointly and severally, preliminarily and then permanently, restrained and enjoined as follows:

    a. American shall not use the mark AFFCO and any mark similar to the word AFFCO and the abbreviation or derivative term AFF for meat, fowl or fish and any products containing meat, fowl or fish in North America, Europe, Russia, Northern Asia, Southeast Asia, New Zealand, South Pacific Islands, United Arab Emirates, Saudi Arabia and Jordan;

    b. American shall discontinue distribution of and destroy any packaging and materials that relate to the mark AFFCO and any mark similar to the word AFFCO and the abbreviation or derivative term AFF for meat, fowl or fish and any products containing meat, fowl or fish in North America, Europe, Russia, Northern Asia, Southeast Asia, New Zealand, South Pacific Islands, United Arab Emirates, Saudi Arabia and Jordan;

    c. American shall take all steps necessary to cancel, abandon, negate or otherwise eliminate any trademark registration on or after 10 January, 2006 for the mark AFFCO and any mark similar to the word AFFCO and the abbreviation or derivative term AFF for meat, fowl or fish and any products containing meat, fowl or fish in North America, Europe, Russia, Northern Asia, Southeast Asia,

New Zealand, South Pacific Islands, United Arab Emirates, Saudi Arabia and Jordan;

d. American shall file an amendment to any trademark registration it owns or controls in North America, Europe, Russia, Northern Asia, Southeast Asia, New Zealand, South Pacific Islands, United Arab Emirates, Saudi Arabia and Jordan that predates 10 January, 2006 for the mark AFFCO and any mark similar to the word AFFCO and the abbreviation or derivative term AFF to delete or expressly exclude meat, fowl or fish and any products containing meat, fowl or fish;

e. American shall be barred from challenging or hindering AFFCO's use, continuing use, or registration of the mark AFFCO (either by itself or in conjunction with a logo) in the Middle East in relation to meat, fowl or fish, or products containing meat, fowl or fish;

f. American shall not otherwise use or infringe any trademark or trade dress of AFFCO or adopt or use confusingly similar marks, words, terms, dress, art or designations thereto, unfairly compete with AFFCO, or dilute the distinctiveness of AFFCO's marks or dress associated with its products, or AFFCO's distinctive uses thereof, or its trade dress or package designs or injure AFFCO's business reputation in any manner;

g. American shall not cause a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of AFFCO's goods or services associated with its goods or as to affiliation, connection or association of them with, or approval of them by AFFCO, or engaging in conduct tending to create a false commercial impression of AFFCO's products, services, or any other conduct

which similarly creates a likelihood of confusion, misunderstanding or false representation.

7. AFFCO is awarded the profits secured by American as a result of American's unlawful activities complained of herein, and that said award be trebled as provided by law or in the alternative that AFFCO be awarded statutory damages in an amount determined by the Court for willful use of an infringing mark; Plaintiff is further entitled to recover its own actual damages and lost profits, and the costs of the action.

7. AFFCO is awarded increased, exemplary, enhanced and punitive damages in such amount as the Court shall find sufficient to deter American's willful unlawful conduct.

8. AFFCO is awarded its costs incurred in this action, including its attorneys' fees.

9. American shall pay the monetary amounts so awarded.

10. American shall file with this Court and serve upon AFFCO within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of American's compliance with the Court's order.

11. AFFCO have such other and further relief at law or in equity as is warranted by the facts established at trial or which this Court may deem as just and equitable.

## DEMAND FOR JURY

AFFCO demands a trial by jury.

Dated: May 8, 2012

Respectfully submitted,
/s/ John O. Sutton
John O. Sutton
Florida Bar. No. 245380
alex@jamersonsutton.com
JAMERSON & SUTTON LLP
2655 Le Jeune Road
Penthouse 2
Coral Gables, FL 33134
Tel: (305) 448-1295
Fax: (305) 446-5236
Counsel for Plaintiff

Of Counsel:

David C. Brezina
Ladas & Parry LLP
224 S Michigan Ave.
Suite 1600
Chicago, IL 60604
(312) 427-1300

Burton Ehrlich
Ladas & Parry LLP
224 S Michigan Ave.
Suite 1600
Chicago, IL 60604
(312) 427-1300

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2012 a true and correct copy of the foregoing Amended Complaint was served by U.S. Mail on all individuals and entities on the service list below.

/s/ John O. Sutton
John O. Sutton

Matthew S. Nelles, Esq.
Fla. Bar. No.: 009245
mnelles@broadandcassel.com
Broad and Cassel
One Financial Plaza, Ste. 2700
100 S.E. 3rd Ave.,
Ft. Lauderdale, FL 33394
Tel: (954) 764-7060
Fax: (954) 761-8135


Arlen L. Olsen, Esq.
Schmeiser, Olsen & Watts, LLP
aolsen@iplawusa.com
22 Century Hill, Ste. 302
Latham, NY 12110
Tel: (518) 220-1850
Fax: (518) 220-1857

Wissam Amoudi
Registered Agent for
American Fine Foods, Corp.
2335 NW 107TH AVE
SUITE 2M12,
DORAL FL 33172 US