# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

_____

)
AFFCO New Zealand, Ltd., a Foreign corporation )
                              )            **CIVIL ACTION**
           Plaintiff,               )            **NO. 1:12-CV-21325**
)
      v.                             )
)
American Fine Food Corp., a U.S. corporation )
)
)
           Defendant.             )
_____)

## ANSWER TO AMENDED COMPLAINT

    Defendant, American Fine Food Corp. ("American"), answers the Amended Complaint filed (Dkt. No. 6) by Plaintiff, AFFCO New Zealand, Ltd., as follows:[1]

    1.    American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Amended Complaint and therefore denies the same.

    2.    American denies the allegations in paragraph 2 of the Amended Complaint.

    3.    American denies the allegations in paragraph 3 of the Amended Complaint.

    4.    American denies the allegations in paragraph 4 of the Amended Complaint.

    5.    American lacks knowledge or information sufficient to form a belief as to the

---

[1] On May 8, 2012, Plaintiff served its Complaint (Dkt. No. 1) in this case on Defendant, American, by personal service, but on the same day also filed an Amended Complaint (Dkt. No. 6), which contains an erroneous and invalid certificate of service (Dkt. No. 6, p. 14) purporting to certify an event in the future, i.e., that it was served via U.S. mail on May 9, the following day. In addition, the purported recipient attorneys had not yet entered their appearance in the case and neither they nor Defendant ever received the Amended Complaint (Dkt. No. 6) in accordance with the defective certificate contained therein. The Parties acknowledge that Plaintiff did not actually serve the Amended Complaint (Dkt. No. 6) until doing so electronically on Defendant's attorneys on June 12, 2012, making June 26, 2012 the deadline to respond. FED.R.CIV.P. 5(a)(1)(B); 5(b)(2)(E); 15(a)(3).

truth or falsity of the allegations set forth in paragraph 5 of the Amended Complaint and therefore denies the same.

6.    American denies the allegation in paragraph 6 of the Amended Complaint.

7.    American denies the allegation in paragraph 7 of the Amended Complaint.

8.    American admits the allegation in paragraph 8 of the Amended Complaint.

9.    American admits the allegation in paragraph 9 of the Amended Complaint.

10.    American admits the allegation in paragraph 10 of the Amended Complaint.

11.    With respect to allegations in paragraph 11 of the Amended Complaint, American admits that Paragraph E(13) of the Undertaking includes the language "For purposes of this Undertaking, American acknowledges and agrees that AFFCO currently owns a valid mark AFFCO (either by itself or in conjunction with a logo) meat or meat products, in the territories listed in Exhibit H hereto and made part of the Undertaking"; however, American denies the substance of the language because American in fact owns a prior valid Saudi Arabian trademark registration and AFFCO New Zealand's Saudi Arabian trademark application was rejected by the Saudi Arabian trademark office based on American's prior valid Saudi Arabian trademark registration.   American denies any remaining allegations in paragraph 11 of the Amended Complaint.

12.    With respect to allegations in paragraph 12 of the Amended Complaint, American admits that Exhibit H is entitled "TERRITORIES IN WHICH AFFCO NEW ZEALAND LIMITED OWNS THE MARK AFFCO" and lists North American, Europe, Russia, Northern Asia, Southeast Asia, New Zealand, South Pacific Islands, United Arab Emirates, Jordan, Saudi Arabia; however, American denies the substance of the language because American in fact owns a prior valid Saudi Arabian trademark registration and AFFCO New Zealand's Saudi Arabian

trademark application was rejected by the Saudi Arabian trademark office based on American's prior valid Saudi Arabian trademark registration.  American denies any remaining allegations in paragraph 12 of the Amended Complaint.

13.   American denies the allegations in paragraph 13 of the Amended Complaint.

14.   American admits the allegation in paragraph 14 of the Amended Complaint.

15.   American admits the allegations in paragraph 15 of the Amended Complaint.

16.   American denies the allegation in paragraph 16 of the Amended Complaint.

17.   American denies the allegation in paragraph 17 of the Amended Complaint.

18.   American denies the allegation in paragraph 18 of the Amended Complaint that "[t]he Undertaking set forth a number of terms relating to the content of the application, likely confusion from a consent-to-register point of view, and appropriate dismissal of Opposition."

a.   American admits that Paragraph C of the Undertaking includes language as follows: "American further acknowledges it has used the trademark AFFCO on and in connection with a meat product, namely, corned beef, and is currently using the mark AFFCO on and in connection with chicken Vienna sausage."   American denies the allegations in paragraph 18(a) of the Amended Complaint.

b.   American admits that Paragraph E(3)(iv) of the Undertaking includes language as follows: "file an amendment with the trademark office of each country or countries, in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products and American owns an application or registration for the mark AFFCO or any mark containing the mark AFFCO or the abbreviation AFF, to delete or expressly exclude all meat, fowl or fish and products containing meat, fowl, or fish."   American denies that it is obligated under Paragraph

E(3)(iv) to "file an amendment with the trademark office of each country or countries, in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products and American owns an application or registration for the mark AFFCO or any mark containing the mark AFFCO or the abbreviation AFF, to delete or expressly exclude all meat, fowl or fish and products containing meat, fowl, or fish." American denies the remaining allegations in paragraph 18(b) of the Amended Complaint. American, in fact, owned a prior valid Saudi Arabian trademark registration.

       c.     American admits that Paragraph E(4) of the Undertaking includes language as follows: "for meat, fowl, or fish or products containing meat, fowl or fish". American admits that Paragraph E(4) of the Undertaking includes language as follows: "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products". American denies that it is obligated under Paragraph E(4) to discontinue use of its mark: "for meat, fowl, or fish or products containing meat, fowl or fish" in the US  and each foreign country or countries in which AFFCO currently has a valid mark (either by itself or in conjunction with a logo) for meat or meat products." American denies the remaining allegations in paragraph 18(c) of the Amended Complaint.

       d.     American admits that Paragraph E(5) of the Undertaking includes language as follows: "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either by itself or in conjunction with a logo) for meat or meat products." American denies that "American is prohibited from distribution and is required to destroy nonconforming packaging, advertising and the like in the US and each foreign country or countries in which AFFCO currently has a valid mark AFFCO (either

by itself or in conjunction with a logo) for meat or meat products."  American denies the remaining allegations in paragraph 18(d) of the Amended Complaint.

e.      American admits that Paragraph E(6) of the Undertaking includes language as follows: "never in the future use or register the mark AFFCO or any mark containing the term AFFCO."  American admits that Paragraph E(6) of the Undertaking includes language as follows: "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO."  American denies the allegations in paragraph 18(e) of the Amended Complaint that "American is prohibited from certain use and registration by the obligation to never in the future use or register the mark AFFCO or any mark containing the term AFFCO in the U.S. and each foreign country or countries in which AFFCO currently has a valid mark AFFCO."  American denies the remaining allegations in paragraph 18(e) of the Amended Complaint.

f.      American admits that Paragraph E(7) of the Undertaking includes language as follows: "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO."  American denies that Paragraph E(7) of the Undertaking prohibits American from using similar marks, in the United States "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO."  American denies the remaining allegations in paragraph 18(f) of the Amended Complaint.

g.      American admits that Paragraph E(9) of the Undertaking includes language as follows: "and each foreign country or countries in which AFFCO currently has a valid mark AFFCO."  American denies the remaining allegations in paragraph 18(g) of the Amended Complaint.

h.      American admits that Paragraph E(14) of the Undertaking states as

follows: "Notwithstanding any other provision of this Undertaking, American undertakes and agrees not to challenge or hinder AFFCO's use, continuing use or registration of the mark AFFCO (either itself or in conjunction with a logo) in the Middle East in relation to meat, fowl or fish, or products containing meat, fowl or fish."   American denies the remaining allegations in paragraph 18(h) of the Amended Complaint.

19.     American denies the allegation in paragraph 19 of the Amended Complaint.

20.     American admits the allegation in paragraph 20 of the Amended Complaint.

21.     American admits the allegation in paragraph 21 of the Amended Complaint.

22.     American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Amended Complaint and therefore denies the same.

23.     American admits the allegation in paragraph 23 of the Amended Complaint.

24.     American admits the allegation in paragraph 24 of the Amended Complaint.

**COUNT ONE**

**(Breach of Contract)**

25.     American restates its answers to paragraphs 1-24 of the above.

26.     American denies the allegations in paragraph 26 of the Amended Complaint.

27.     American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Amended Complaint and therefore denies the same.

28.     American denies the allegation in paragraph 28 of the Amended Complaint.

29.     American denies the allegations in paragraph 29 of the Amended Complaint.

30.     American denies the allegation in paragraph 30 of the Amended Complaint.

31.     American denies the allegations in paragraph 31 of the Amended Complaint.

32.     As to any remaining allegations in the Amended Complaint that American has not specifically denied, American denies such remaining allegations.

## COUNT TWO

### (Specific Performance)

33.     American restates its answers to paragraphs 1-32 above.

34.     American denies the allegations in paragraph 33 of the Amended Complaint.

35.     American admits the allegation in paragraph 34 of the Amended Complaint that "AFFCO requested that American fully perform pursuant to the provisions of the aforementioned" Undertaking; however, American denies the remaining allegations in paragraph 34 of the Amended Complaint.

36.     American denies the allegation in paragraph 35 of the Amended Complaint.

## COUNT THREE

### (Declaration of No Right in Saudi Arabia)

37.     American restates its answers to paragraphs 1-36 above.

38.     American denies the allegation in paragraph 37 of the Amended Complaint.

39.     American denies the allegations in paragraph 38 of the Amended Complaint.

40.     American denies the allegation in paragraph 39 of the Amended Complaint.

41.     American lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Amended Complaint and therefore denies the same.

42.     American denies the allegation in paragraph 41 of the Amended Complaint.

43.     American denies the allegation in paragraph 42 of the Amended Complaint.

## COUNT FOUR

### (Cancellation of Federal Registration)

44.     American restates its answers to paragraphs 1-43 above.

45.     American admits the allegation in paragraph 44 of the Amended Complaint.

46.     American denies the allegation in paragraph 45 of the Amended Complaint.

47.     American denies the allegation in paragraph 46 of the Amended Complaint.

48.     American denies the allegation in paragraph 47 of the Amended Complaint.

49.     American denies the allegation in paragraph 48 of the Amended Complaint.

WHEREFORE, American demands that judgment be entered in its favor as to all Counts in the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Counts I – III are barred by the Statute of Limitations, which expired on January 23, 2007 (Count II) and January 22, 2011 (Counts I and III).

### SECOND AFFIRMATIVE DEFENSE

### (Incontestability)

American's U.S. Trademark Reg. No. 3,097,027 is incontestable and cannot be cancelled by AFFCO.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction because American's distributors sell canned meats in Saudi Arabia under the Saudi Arabian trademark registration AFFCO, and such sales do not substantially affect U.S. commerce.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

AFFCO has failed to mitigate its alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Mutual Mistake)

The Undertaking is unenforceable and/or voidable based on a mutual mistake of fact by the Parties regarding the extent of the use and ownership of AFFCO New Zealand's trademark in foreign countries.

## SIXTH AFFIRMATIVE DEFENSE

### (Unilateral Mistake)

The Undertaking is unenforceable and/or voidable based on a unilateral mistake by American coupled with AFFCO New Zealand's intentional misrepresentation regarding the extent of the use and ownership of its trademark in foreign countries.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

AFFCO New Zealand's requests for equitable relief are barred by its unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

AFFCO New Zealand's Amended Complaint fails to state a claim upon which relief can be granted.

## NINETH AFFIRMATIVE DEFENSE

AFFCO New Zealand fraudulently induced American to enter into the Undertaking.

## TENTH AFFIRMATIVE DEFENSE

AFFCO New Zealand fraudulently represented that AFFCO New Zealand owned

trademark rights in Saudi Arabia and fraudulently represented the extent of the use and ownership of its trademarks.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Rescission)

The Undertaking should be rescinded based on the unilateral and mutual mistake of the parties regarding the existence of American's Saudi Arabian trademark registration and the extent of the use and ownership of its trademarks, which existence was material to the Undertaking.  Further, the Undertaking should be rescinded because AFFCO New Zealand fraudulently induced American to enter into the Undertaking as AFFCO New Zealand misrepresented that AFFCO New Zealand owned trademark rights in Saudi Arabia, AFFCO New Zealand misrepresented the extent of the use and ownership of its trademarks, and AFFCO New Zealand attempted to obtain a release for infringement liability based on fraud.


## PRAYER FOR RELIEF

**WHEREFORE**, American respectfully requests that this Court:

A.      Enter judgment in American's favor and against AFFCO New Zealand on all counts of the Amended Complaint;

B.      Rescind the Undertaking;

C.      Award American's attorney's fees, costs and expenses incurred in this action; and

D.      Grant such other relief to American as the Court deems just and proper.


## DEMAND FOR JURY

American demands a trial by jury of all issues so triable.

Dated: June 25, 2012

Respectfully submitted,

SCHMEISER, OLSEN & WATTS, LLP

s/ Arlen L. Olsen
Arlen L. Olsen, Esq., *pro hac vice*
22 Century Hill, Suite 302
Latham, New York 12110
Telephone: (518) 220-1850
Facsimile: (518) 220-1857
aolsen@iplawusa.com

MATTHEW S. NELLES
Florida Bar No. 009245
mnelles@broadandcassel.com
BROAD & CASSEL
One Financial Plaza, Suite 2700
Fort Lauderdale, Florida  33394
Telephone:  (954) 764-7060
Facsimile:   (954) 761-8135

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 25th day of June, 2012, I electronically filed the foregoing Answer to Amended Complaint with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the following Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: ___/s/ Matthew S. Nelles_____
MATTHEW S. NELLES

## <u>SERVICE LIST</u>

| **Attorneys for Plaintiff**: | **Attorneys for Defendant:** |
|---|---|
| John O. Sutton, Esq.<br>JAMERSON & SUTTON LLP<br>2655 Le Jeune Road, Penthouse 2<br>Coral Gables, Florida 33134<br>Telephone: (305) 448-1295<br>Facsimile:  (305) 446-5236<br>alex@jamersonsutton.com<br><br>David C. Brezina, Esq. (*pro hac vice*)<br>Ladas & Parry LLP<br>224 S. Michigan Avenue, Suite 1600<br>Chicago, Illinois   60604<br>dbrezina@ladas.net | Arlen L. Olsen, Esq. (*pro hac vice*)<br>Autondria S. Minor, Esq. (*pro hac vice*)<br>SCHMEISER, OLSEN & WATTS, LLP<br>22 Century Hill, Suite 302<br>Latham, New York 12110<br>Telephone: (518) 220-1850<br>Facsimile:  (518) 220-1857<br>aolsen@iplawusa.com<br>aminor@iplawusa.com |