UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| AFFCO New Zealand, Ltd., a Foreign corporation<br><br>Plaintiff,<br><br>vs.<br><br>American Fine Foods Corp., a US corporation<br><br>Defendant. | 12-CV-21325<br><br>Judge King |

## MOTION TO STRIKE AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT

Plaintiff, AFFCO New Zealand, Ltd. (hereafter "AFFCO") by its counsel Jamerson & Sutton and Ladas & Parry LLP, hereby moves pursuant Federal Rule of Civil Procedure (Fed.R.Civ.P.) 12(f) that this Honorable Court Strike the Affirmative Defenses of American Fine Foods Corp. ("American Fine") for failure to comply with Federal Rule of Civil Procedure 8(b), 9(b), and raising improper defenses.

## MEMORANDUM

Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense." To that end, Rule 8(b)(1)(a) states: "In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Rule 9(b) ("Pleading Special Matters)" provides a heightened pleading standard: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." While relaxed pleadings requirements may be the "default," as in Rule 8, Rule 9(b) does more than just require "notice pleading" – reasoning for which is too lengthy to address here (eg. deter strike suits, ensure sufficient notice).

Moreover, Defendant's Eighth Affirmative Defense (failure to state a claim), is not a valid defense altogether and is the proper subject of a motion, not a pleading. For ease of reference, Defendant's affirmative defenses as filed with this Court are attached as Exhibit A.

## A. DEFENDANT'S AFFIRMATIVE DEFENSES FAIL TO MEET THE THRESHOLD RULE 8(b) NOTICE PLEADING REQUIREMENTS

### 1. PLAINTIFF MUST BE ABLE TO ASCERTAIN THE GROUNDS OF A DEFENDANT'S AFFIRMATIVE DEFENSES TO SATISFY FAIR NOTICE.

As interpreted in two recent Supreme Court decisions - *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) - Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The reason is "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 554–55 (internal citation omitted). Rule 8 applies equally to both claims and affirmative defenses. *Barnes v. AT & T Pension Benefit Plan – Nonbargained Program*, 718 F.Supp.2d 1167, 1172 (N.D.Cal.2010)[1]; See also, *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint.")[2].

Here, Defendant has not provided fair or adequate notice or made allegations sufficient to meet the rules for the defenses discussed herein. It is now incumbent on Plaintiff (or this Court) to interpret and speculate as to the nature of the allegations as written. Defendant's allegations "recite[s] a legal conclusion but fail[s] to 'point to the existence of some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face.'" *Perez v. Gordon & Wong Law Group, P.C*, 11–CV–03323–LHK, 2012 WL 1029425 (N.D. Cal., March 26, 2012) (citing

---

[1] "The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8." *Barnes*, 718 F.Supp.2d 1167, 1172 (N.D. Cal. 2010).
[2] See also, *Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal.2004) ("Affirmative defenses are governed by the same pleading standard as complaints.... Like complaints, affirmative defenses must give plaintiff 'fair notice' of the defense being advanced." (internal citation omitted)).

*Barnes*, 718 F.Supp.2d at 1172). A short glance at Defendant's defenses reveal that they are mere conclusions identified in substance almost exclusively by their respective titles. Plaintiff's understanding of these and Defendant's other allegations seem limited only by its imagination. That the burden now rests with Plaintiff to understand the framing of discovery requests and pursue its claims will only prolong litigation.

## 2. SPECIFIC FACTUAL DEFICIENCIES

Defendant's affirmative defenses 2-11, inclusive. that do not plead fraud or mistake (or are not defenses) (these are discussed separately below) are deficient for the following reasons and are addressed in turn.

### SECOND AFFIRMATIVE DEFENSE (Incontestability)

The second defense fails to state the reasons for "incontest[ibility], whether by reference to code, statute, or otherwise. *Id*[3]. The basic facts upon which "incontest[ibility]" is premised are also omitted.

### THIRD AFFIRMATIVE DEFENSE (Lack of Subject Matter Jurisdiction)

Defense number three fails for the same reasons as defense number two, albeit there is not the same dearth of facts.

### FOURTH AFFIRMATIVE DEFENSE (Failure to Mitigate)

Defense number four fails to identify what damages could have been mitigated by the plaintiff or how Plaintiff failed to mitigate. *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10–CV–05718, 2011 WL 6293922, at *2 (N.D.Cal. Dec. 15, 2011) (striking affirmative defenses, including failure to mitigate damages, because defendant failed to identify what damages could have been mitigated by the plaintiff or how she "failed to do so").

---

[3] See also *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10–CV–00168, 2010 WL 3749284, at *2 (N.D.Cal. Sept. 23, 2010) (Koh, J.) (striking affirmative defenses—such as unclean hands, res judicata, collateral estoppel, and superseding events—for failure to provide "basic information" necessary for fair notice to plaintiff)).

FIFTH AFFIRMATIVE DEFENSE (Mutual Mistake)

This Defense is premised on mistake and is discussed in Section B.

SIXTH AFFIRMATIVE DEFENSE (Unilateral Mistake)

This Defense is premised on mistake and is discussed in Section B.

SEVENTH AFFIRMATIVE DEFENSE (Unclean Hands)

In addition to possibly failing to meet Rule 9's standard, as described below, Defendant's allegation of unclean hands (Defense seven), is completely devoid of details. *CTF Dev., Inc. v. Penta Hospitality LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 25, 2009) ("[S]imply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands.'") (emphasis in original).

EIGHTH AFFIRMATIVE DEFENSE

This defense is not a valid defense and is discussed in Section C.

NINETH [SIC] AFFIRMATIVE DEFENSE

This Defense is premised on fraud and is discussed in Section B.

TENTH AFFIRMATIVE DEFENSE

This Defense is premised on fraud and is discussed in Section B.

ELEVENTH AFFIRMATIVE DEFENSE (Rescission)

This Defense is premised on mistake and is discussed in Section B.

Thus, the Second, Third, Fourth and Seventh Affirmative Defenses should be stricken for failure to comply with Rule 8. As seen below, the Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Affirmative Defenses should be stricken under both Rule 8 and Rule 9 (b). The Eighth Affirmative Defense should be stricken under both Rule 8 and because it is not a valid defense for reasons described in Section C.

## B. DEFENDANT'S AFFIRMATIVE DEFENSES ALLEGING FRAUD OR MISTAKE FAIL TO MEET THE PARTICULARITY REQUIREMENTS OF

RULE 9(b)

1. **PLEADING FRAUD OR MISTAKE WITH PARTICULARITY REQUIRES ALLEGING THE "WHO, WHAT, WHEN, WHERE AND HOW" OF THE STATEMENTS OR MISTAKES MADE**

Rule 9(b) applies to affirmative defenses as well as the pleading of claims. See eg. *Powertech Technology, Inc. v. Tessera, Inc.*, No. C 10–945 CW, 2012 WL 1746848 (N.D. Cal. May 16, 2012); *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560 (S.D. Cal. 2012). Rule 8 must still *also* be satisfied. *Id.*

Based on their labeling and brief recitations, the Fifth, Sixth, Ninth, Tenth And Eleventh Affirmative Defenses are clearly predicated on mistake and/or fraud and thus are all subject to the particularized pleading requirement of Rule 9(b).[4] Moreover, as *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560 (SD Cal., 2012) suggests, unclean hands, provided they are premised on allegations of fraud, may also have to be plead with particularity. Here, Plaintiff is in the dark as to the basis for the dirty hands allegation and so is unable even to make this determination.

Rule 9(b) is designed, not only to put defendants on notice of alleged misconduct, but also "to prevent fishing expeditions ... and to narrow potentially wide-ranging discovery to relevant matters." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 248 (6th Cir., 2012) (citing *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir.2011) (internal quotation marks and citations omitted)). To meet this standard, Defendant must specify the "who, what, when, where and how," -- facts that can sufficiently establish the elements of fraud. *Id. See also, Delivermed Holdings LLC v.*

---

[4] By their express terms the Fifth, Sixth, Ninth, Tenth And Eleventh affirmative defenses at issue allege "fraud" or "mistake." In turn, mistake is alleged in the titles of the Fifth and Sixth Affirmative Defenses – "Mutual <u>Mistake</u>" and "Unilateral <u>Mistake</u>," respectively. The specific allegations Affirmative Defense Five includes "<u>mutual mistake</u> of fact by the Parties regarding the extent of the use and ownership of AFFCO New Zealand's trademark in foreign countries" while the Sixth alleges "a unilateral <u>mistake</u> by American coupled with AFFCO New Zealand's intentional misrepresentation regarding the extent of the use and ownership of its trademark in foreign countries." Thus the Sixth Affirmative defense alleging "intentional <u>misrepresentation</u>" also implicates fraud, if not expressly using the word. (emphasis added in quotations)

The Ninth Affirmative defense is untitled, but expressly alleges fraud – "AFFCO New Zealand <u>fraudulently induced</u> American to enter into the Undertaking" – yet says no more. The Tenth Affirmative defense is also untitled, but sounds in fraud: "AFFCO New Zealand <u>fraudulently</u> represented that AFFCO New Zealand owned trademark rights in Saudi Arabia and fraudulently represented the extent of the use and ownership of its trademarks." Finally, the Eleventh Affirmative Defense is for Rescission "based on the unilateral and <u>mutual mistake</u>" and "AFFCO New Zealand <u>fraudulently induced</u> American to enter into the Undertaking" and "misrepresented" trademark rights. (emphasis added in quotations)

*Schaltenbrand*, 2011 WL 2134343, *8 (S.D. Ill., 2011); *International Star Registry v. ABC Radio Network*, 451 F.Supp.2d 982 (N.D. Ill., 2006).

> This is the case for "mistake" as well as fraud.
>
> The party asserting a rescission claim based on mistake must particularize (1) the mistake (2) the identity of the individuals that made the mistake, (3) the nature of their misunderstanding, and (4) when and where the mistake occurred. See Mills v. Everest Reinsurance Co., 410 F.Supp.2d 243, 248 (S.D.N.Y.2006); 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 9.03[2], at 9-30 (3d ed.2008)(party must allege the "'who, what, where, when and how' of mistake"); 5A CHARLES ALAN & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1299, at 264 (3d ed. 2004)("A well-pleaded claim grounded on mistake should include averments of what was intended, what was done, and how the mistake came to be made.")

*In re Musicland Holding Corp.*, 398 B.R. 761 (Bankr. S.D.N.Y., 2008)

## 2. PARTICULARIZED PLEADING IN THE CONTEXT OF THE ALLEGATIONS OF THE AMENDED COMPLAINT AND ATTACHED EXHIBITS

AFFCO's case is for breach of a settlement agreement, or if there was no settlement agreement, for American Fine to give up the fruits of the settlement, namely its US Federal Trademark Registration.

The Undertaking (Exhibit 1 to the Amended Complaint) is the conclusion of lengthy negotiations between the parties and is designed to protect consumers against likelihood of confusion by keeping the parties' respective marks separate and to quiet the issue globally. Part of the concessions made are for American Fine to stop selling meat products under the mark AFFCO. Another part of the concessions made by American Fine was to concede trademark rights in selected geographic territories – some described regionally and some described with the names of countries. The parties chose to simply designate those territories as those in which AFFCO "owned" rights, although, of course, some are geographic regions that have no authority to grant ownership of anything. The compromise also included concessions by American Fine to do things like correct pending trademark applications and registrations in the named geographic territories and continuing obligations to not distribute products under AFFCO and to guarantee AFFCO that it would not be

sued, if it happened American Fine already had color of rights. Obviously the Undertaking itself contains only the conclusion, and by its terms, it appears to contradict any representations by AFFCO that it already had priority of rights everywhere – otherwise there would have been no need for American Fine to stop selling, amend applications or registrations or guarantee it would not sue AFFCO. Thus, Plaintiff needs to know who made what statements to American Fine, the content of those statements, when the statements were made, the nature and form of communication of the statements -- the "who, what, when, where and how." *Republic Bank & Trust Co.*, 683 F.3d 239.

For there to be adequate pleading of fraud or mistake, there must be some communications other than the resulting compromise between the parties and the facts explaining those must be alleged with particularity. Defendant's affirmative defenses alleging fraud and mistake are wanting, and ought to be stricken as failing to meet the heightened pleading standard in Rule 9 as shown in the following section.

3. **THE FIFTH, SIXTH, SEVENTH, NINTH, AND TENTH AFFIRMATIVE DEFENSES SHOULD BE STRICKEN UNDER RULE 9 (B) BECAUSE THEY EXPRESSLY ALLEGE FRAUD OR MISTAKE, BUT ONLY ALLEGE CONCLUSIONS, RATHER THAN PARTICULARIZED FACTS**

It is plain that there are no facts explaining the "who, what, when, where and how" of the fraud or mistake in the Fifth, Sixth, Seventh, Ninth, And Tenth Affirmative Defenses. They lack so much detail that they are set forth below, *verbatim*. They set forth conclusions, not facts that permit determining who communicated what to whom, when or how it was communicated, or the form of communication:

"FIFTH AFFIRMATIVE DEFENSE
(Mutual Mistake)

The Undertaking is unenforceable and/or voidable based on a mutual mistake of fact by the Parties regarding the extent of the use and ownership of AFFCO New Zealand's trademark in foreign countries.

SIXTH AFFIRMATIVE DEFENSE
(Unilateral Mistake)

The Undertaking is unenforceable and/or voidable based on a unilateral mistake by American coupled with AFFCO New Zealand's intentional misrepresentation regarding the extent of the use and ownership of its trademark in foreign countries.

SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

AFFCO New Zealand's requests for equitable relief are barred by its unclean hands.

NINETH [SIC] AFFIRMATIVE DEFENSE

AFFCO New Zealand fraudulently induced American to enter into the Undertaking.

TENTH AFFIRMATIVE DEFENSE

AFFCO New Zealand fraudulently represented that AFFCO New Zealand owned trademark rights in Saudi Arabia and fraudulently represented the extent of the use and ownership of its trademarks."

The foregoing are all conclusory allegations that cannot meet the particularized pleading requirement of Rule 9 (b) that require allegations of fact.

4. **THE ELEVENTH AFFIRMATIVE DEFENSE ALLEGES FRAUD AND MISTAKE ADDING NO FACTS AND FAILS TO ALLEGE FACTS TO SUPPORT RESCISSION**

While not plead as a claim of relief, the elements of the cause of action indicate what must be plead to prove rescission:

The requisite elements which must be plead to establish a prima facie case for rescission or cancellation of a contract are: (1) character or relationship of the parties; (2) contract formation; (3) existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground; (4) rescission by one party and notification thereof to the other party; (5) offer to restore any benefits received from the contract; and (6) inadequacy of a remedy at law. Crown Ice Machine Leas. Co. v. Sams Senter Farms, Inc., 174 So.2d 614, 617 (Fla. 2d DCA 1965) cert. denied, 180 So.2d 656 (Fla.1965).

*Capital Factors, Inc. v. Heller Financial, Inc.*, 712 F.Supp. 908 (S.D. Fla., 1989)

The Eleventh Affirmative defense merely repeats the conclusory allegations of the preceding Affirmative Defenses, sharing their pleading infirmities, but never alleges all the prerequisites needed to prove rescission.

C. **DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE IS NOT A VALID DEFENSE**

Defendant's eighth affirmative defense should be stricken on alternative grounds: because it is not actually an affirmative defense. "Affirmative defenses plead matters extraneous to the plaintiff's *prima facie* case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal.1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980))[5]. Thus, "allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *G & G Closed Circuit Events*, 2010 WL 3749284, at *5. This is exactly Defendant's eighth affirmative defense. If it were the proper subject of anything, the procedure would be a motion rather than an affirmative defense. See also *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-05718, 2011 WL 6293922, at *2 (N.D.Cal. Dec.15, 2011). "You can't prove it" fails to meet the affirmative defense pleading requirements of Rules 8(c) and 12(f) and should be stricken as legally insufficient. *Employers Mut. Cas. Co. v. Keystone Elec. Co.*, No. 08 C 7408, 2009 WL 2567977, *2 (N.D. Ill Aug. 18, 2009) (Kennelly, J.); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006).

Dated: 8/3/12

Respectfully submitted,

John O. Sutton, Esq.
Florida Bar. No. 245380
john@jamersonsutton.com
JAMERSON & SUTTON LLP
2655 Le Jeune Road, PH-II
Coral Gables, FL 33134
Tel: (305) 448-1295
Fax: (305) 446-5236
Counsel for Plaintiff

---

[5] *See Barnes*, 718 F.Supp.2d at 1174 ("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case.").

Of Counsel:

David C. Brezina
Burton S. Ehrlich
Ladas & Parry LLP
224 S Michigan Ave.
Suite 1600
Chicago, IL 60604
(312) 427-1300

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................................. 2
*Barnes v. AT & T Pension Benefit Plan – Nonbargained Program*, 718 F.Supp.2d 1167(N.D.Cal.2010)...2, 9
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 2
*Capital Factors, Inc. v. Heller Financial, Inc.*, 712 F.Supp. 908 (S.D. Fla., 1989) ............................ 8
*Chesbrough v. VPA, P.C.*, 655 F.3d 461 (6th Cir.2011) ...................................................................... 6
*CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617(N.D. Cal. Oct. 25, 2009) ................... 4
*Delivermed Holdings LLC v. Schaltenbrand*, 2011 WL 2134343 (S.D. Ill., 2011) ............................ 6
*Employers Mut. Cas. Co. v. Keystone Elec. Co.*, No. 08 C 7408, 2009 WL 2567977 (N.D. Ill Aug. 18, 2009) ................................................................................................................................................ 9
*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, (E.D.Cal.1987) ............................ 9
Federal Rule of Civil Procedure 12(f) ............................................................................................... 1, 9
Federal Rule of Civil Procedure 8(b) ................................................................................................ 1, 5
Federal Rule of Civil Procedure 9(b), ............................................................................................ 1, 4, 5
*G & G Closed Circuit Events, LLC v. Nguyen*, No. 10–CV–00168, 2010 WL 3749284, at *2 (N.D.Cal. Sept. 23, 2010) (Koh, J. ............................................................................................................. 3, 9
*G & G Closed Circuit Events, LLC v. Nguyen*, No. 10–CV–05718, 2011 WL 6293922, at *2 (N.D.Cal. Dec.15, 2011) ........................................................................................................................... 9
*Gomez v. Toledo*, 446 U.S. 635 (1980) ............................................................................................... 9
*International Star Registry v. ABC Radio Network*, 451 F.Supp.2d 982 (N.D. Ill., 2006) .............. 6
*Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560(S.D. Cal. 2012) .................................................. 5
*Powertech Technology, Inc. v. Tessera, Inc.*, No. C 10–945 CW, 2012 WL 1746848 (N.D. California. May 16, 2012); ..................................................................................................................................... 5
*Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046(N.D.Cal.2004) .......................................... 2, 3
*Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897 (N.D. Ill. 2006) .................... 9
*Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239 (6th Cir., 2012) ....................... 6, 7
*Woodfield v. Bowman*, 193 F.3d 354 (5th Cir.1999) ........................................................................ 2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION was served on American Fine Foods Corp. by mailing same, first class postage prepaid, in envelopes addressed to:

>Arlen L. Olsen
>Schmeiser, Olsen & Watts, LLP
>22 Century Hill Drive
>Suite 302
>Latham, NY 12110
>
>Matthew Scott Nelles
>Broad and Cassel
>One Financial Plaza
>Suite 2700
>Fort Lauderdale, FL 33394

and by electronic transmission.

Dated: 8/3/12                                   /s/ _____