UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-21325-CIV-KING

AFFCO NEW ZEALAND, LTD,
a foreign corporation,

      Plaintiff,

v.

AMERICAN FINE FOODS CORP.,
a U.S. corporation,

      Defendant.
_____/

## OPINION FINDING JURISDICTIONAL REQUIREMENTS MET

**THIS MATTER** comes before the Court upon the parties' jurisdictional briefs (DE #51; #52) filed in compliance with the Court's December 20, 2012 Order Granting Defendant Summary Judgment on Counts II and IV. (DE #48). Having reviewed the briefs,[1] the Court finds that diversity jurisdiction exists over Plaintiff's remaining claims.

This is an action for breach of contract arising from an agreement the parties entered into during a trademark opposition proceeding. Plaintiff's Amended Complaint pled four claims against Defendant: breach of contract (Count I), specific performance pursuant to the Undertaking (Count II), declaration that American no right of action in Saudi Arabia (Count III), and cancellation of U.S. Trademark Registration No. 3,097,027 (Count IV). Only Count IV arose under federal law. After Defendant moved for summary

---

[1] Plaintiff filed Jurisdictional Brief (DE #51) on January 23, 2013. Defendant filed an oppositional brief (DE #52) on February 12, 2013. Plaintiff did not Reply.

1

judgment on all counts, the Court entered judgment for Defendant on Count II, as it was time-barred, and Count IV, because the mark was incontestable. (DE #48). Having dismissed Count IV, the Court noted that it henceforth lacks jurisdiction under federal trademark law. Because it was unclear whether the alleged damages related to Counts I and III exceed $75,000 for purposes of diversity jurisdiction, the Court ordered jurisdictional briefing.

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). When a plaintiff seeks declaratory relief, the amount in controversy is measured from the plaintiff's perspective. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). The plaintiff need not plead the damages he seeks with certainty, so long as they are pled in good faith. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Red Cab Co.*, 303 U.S. at 289.

In the above-styled action, Plaintiff alleges that Defendant's breach of contract caused Plaintiff damages exceeding $75,000. Specifically, based on the decrease to Plaintiff's annual sales of meat and meat products in Saudi Arabia after Defendant failed to amend its Saudi Arabian trademark application, caused Plaintiff alleges that it suffered

2

damages of "perhaps as much as about US$ 13,000,000.00." (DE #51, p. 3). Thus, Counts I and III easily allege damages satisfying the jurisdictional amount in controversy. This is true even if, as Defendant argues, prosecution and appeal of the Saudi Arabian trademark cannot be included in the calculation. The only question, then, is whether Plaintiff alleges these damages in good faith. Defendant has not demonstrated a lack of good faith on Plaintiff's part, and nothing in Defendant's oppositional brief demonstrates to a legal certainty that Plaintiff's claims do not exceed $75,000.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED**, and **DECREED** that this Court retains jurisdiction over the above-styled action. The case shall proceed in compliance with the Court's Order Amending the June 29, 2012 Scheduling Order (DE #56).

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 27th day of February, 2013.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:

*Counsel for Plaintiff*
**Burton S. Ehrlich**
Ladas & Parry
224 S Michigan Avenue
Suite 1200
Chicago, IL 60604

312-427-1300
Email: burtone@ladas.net

**David C. Brezina**
Ladas & Parry, LLP
224 S. Michigan Avenue
Suite 1600
Chicago, IL 60604
312-427-1300
Email: dbrezina@ladas.net

**John Otto Sutton**
Jamerson Sutton & Surlas
2655 Le Jeune Road
Penthouse 2
Coral Gables, FL 33134
305-448-1295
Fax: 446-5236
Email: alex@jamersonsutton.com

*Counsel for Defendant*
**Arlen L. Olsen**
Schmeiser, Olsen & Watts, LLP
22 Century Hill Drive
Suite 302
Latham, NY 12110
518-220-1850
Fax: 480-655-9536
Email: aolsen@iplawusa.com

**Autondria S. Minor**
Schmeiser, Olsen & Watts, LLP
22 Century Hill Drive
Suite 302
Latham, NY 12110
518-220-1850
Email: aminor@iplawusa.com

**William Rafael Trueba, Jr.**
Espinosa | Trueba PL
3001 SW 3rd Avenue
Miami, FL 33129
305-854-0900
Fax: 305-285-5555
Email: wtrueba@etlaw.com